## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re:<br><br>Mark A. Howery,<br><br>        Debtor(s). | Chapter 13<br><br>Case No.  14-13166-JDW |

### MOTION FOR APPROVAL OF LOAN MODIFICATION

COMES NOW, Nationstar Mortgage, LLC ("Movant") and files this Motion for Approval of Loan Modification and would show unto the Court the following:

1.  Movant holds a valid Deed of Trust and Note on the property of the Debtor located at **165 Greenbriar Cir., Holly Springs, MS 38635.**

2.  Movant requests that the Court allow the loan to be modified as per the terms of the Loan Modification Agreement attached hereto as Exhibit "A".

WHEREFORE, PREMISES CONSIDERED, Movant requests that the Court grant it's Motion for Approval of Loan Modification; further that the court enter an order awarding Movant attorney's fees in the amount of $350.00 to be assessed to Debtor's mortgage account.

                      Respectfully submitted,

                      Nationstar Mortgage, LLC


                      BY:*/S/ Bradley P. Jones*
                          BRADLEY P. JONES,
                          It's Attorney

Bradley P. Jones
ADAMS & EDENS
A Professional Association
Post Office Box 400
Brandon, MS  39043-0400
(601) 825-9508 Ext. 19
Mississippi Bar No. 9731

## **CERTIFICATE OF SERVICE**

I, BRADLEY P. JONES, do hereby certify that I have this date transmitted via Electronic Case Filing, where applicable, or via U.S. Mail, postage prepaid, a true and correct copy of the above and foregoing Motion for Approval of Loan Modification to:

ECF FILING NOTIFICATION
Heidi Schneller Milam
Attorney for Debtor(s)

ECF FILING NOTIFICATION
Locke D. Barkley
Chapter 13 Trustee

U.S. MAIL, POSTAGE PREPAID
Mark A. Howery
165 Greenbriar Circle
Holly Springs, MS 38635

Assistant United States Trustee
501 E. Court Street
Suite 6-430
Jackson, Mississippi  39201

    DATED: October 31, 2014.


                BY:*/S/ Bradley P. Jones*
                   BRADLEY P. JONES

Exhibit "A"

_____ [Space Above This Line For Recording Data] _____

Original Loan Amount: **$60,000.00**

**After Recording Return To:**
NATIONSTAR MORTGAGE LLC
350 HIGHLAND DRIVE
LEWISVILLE, TX 75067
Return to Phone:

**This Document Prepared By:**
NATIONSTAR MORTGAGE LLC
350 HIGHLAND DRIVE
LEWISVILLE, TX 75067
1-888-366-1119
Tatiana Vakidis

## LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

**Lender Address and Phone**
NATIONSTAR MORTGAGE LLC
350 HIGHLAND DRIVE
LEWISVILLE, TX 75067
1-888-366-1119

**Borrower 1 Address and Phone**
MARK HOWERY
165 GREENBRIAR CIRCLE
HOLLY SPRINGS, MS 38635

**Legal Description:**
**Filing Instructions:**

This Loan Modification Agreement ("Agreement"), made this day of , between **MARK HOWERY** ("Borrower") and **NATIONSTAR MORTGAGE LLC, whose address is 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument
8300b 01/14



Form 3179 1/01 (rev. 06/12)
(page 1 of 6)

_____, \_\_\_\_ and recorded in _____, of the **Official Records**
**(Name of Records) of** _____ **County, MS (County and State, or other Jurisdiction)** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**165 GREENBRIAR CIRCLE, HOLLY SPRINGS, MS 38635,**
(Property Address)

the real property described being set forth as follows:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **August 1, 2014**, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. **$71,067.92**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. $21,320.38 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $49,747.54. Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of **4.625%**, from **August 1, 2014**. Borrower promises to make monthly payments of principal and interest of U.S. **$227.66**, beginning on the **1st** day of **September, 2014**, and continuing thereafter on the same day of each succeeding month until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The yearly rate of **4.625%** will remain in effect until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The new Maturity Date will be **August 1, 2054**.

3. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If Borrower makes a partial prepayment of Principal, Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

5. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.





LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument     Form 3179 1/01 (rev. 06/12)
8300b 01/14                                                                     (page 2 of 6)

6. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

   (b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

7. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

   (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

   (d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

   (e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

   (f) Borrower authorizes Lender, and Lender's successors and assigns, to share certain





LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument  Form 3179 1/01 (rev. 06/12)
8300b 01/14                                                                  (page 3 of 6)

Borrower public and non-public personal information including, but not limited to (i) name, address, telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, and (v) payment history and information about Borrower's account balances and activity, with an authorized third party which may include, but is not limited to, a counseling agency, state or local Housing Finance Agency or similar entity that is assisting Borrower in connection with obtaining a foreclosure prevention alternative, including the trial period plan to modify Borrower's loan ("Authorized Third Party").

Borrower understands and consents to Lender or Authorized Third Party, as well as Fannie Mae (the owner of Borrower's loan), disclosing such personal information and the terms of any relief or foreclosure prevention alternative, including the terms of the trial period plan to modify Borrower's loan, to any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with the loan or any other mortgage loan secured by the Property on which Borrower is obligated.

Borrower consents to being contacted by Fannie Mae, Lender or Authorized Third Party concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Authorized Third Party.

[ ] By checking this box, Borrower also consents to being contacted by text messaging

8. In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

9. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.



LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument
8300b 01/14



Form 3179 1/01 (rev. 06/12)
(page 4 of 6)

In Witness Whereof, the Lender and I have executed this Agreement.

*Mark Howery* _____ (Seal)
**MARK HOWERY** -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of Mississippi
County of *Marshall*

Personally appeared before me, a Notary Public in and for the said county and state on this _5th_ day of _August_, 20_14_, within my jurisdiction, the within named

**MARK HOWERY**, who acknowledged that (he)(she)(they) executed the above and foregoing instrument.

C. W. "Chuck" Thomas, Chancery Clerk
By _Marshall Powell SR_
(signature of notary)

My commission expires: _1-2-16_

[Marshall County Chancery Clerk Seal]





LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument  Form 3179 1/01 (rev. 06/12)
8300b 01/14  (page 5 of 6)

**NATIONSTAR MORTGAGE LLC**

By: _____ (Seal) - Lender
Name: Bianca Hockensmith
Title: Assistant Secretary

8/13/14
Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

The State of TX

County of _____Denton_____

Before me __Krista Marie Moore__ /Notary Public__ (name/title of officer) on this day personally appeared

__Bianca Hockensmith__, the __Assistant Secretary__ of

__Nationstar Mortgage LLC__,

known to me (or proved to me on the oath of _____ or through _____
(description of identity card or other document)) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this __13__ day of __August__, A.D. __2014__.

_____
Signature of Officer

Notary Public
Title of Officer

My Commission expires: __71517__

> KRISTA MARIE MOORE
> Notary Public State of Texas
> My Commission Expires
> July 15, 2017




LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument
8300b 01/14

Form 3179 1/01 (rev. 06/12)
(page 6 of 6)